NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MICHAEL BOGDOLL, PETITIONER, v. J. P. WHITE COM-
PANY, RESPONDENT.

**Death Resulting From Fall—Determination of Amount of Com-
pensation Due the Several Dependents.**

For the petitioner, *Henry M. Hartmann.*

For the respondent, *Raymond E. Taylor.*

\*      \*      \*      \*      \*      \*      \*      \*

SUMMARY OF FACTS.

That on August 22d, 1925, the decedent, Alexander Bog-
doll, while engaged in attending the flow of concrete at the
top of a narrow concrete shute elevated eighty-five feet from
the ground, and while changing the directions of the shute,
the same broke and the decedent fell to the ground and was
instantly killed.

The petitioner is entitled to compensation, the decedent
having left him surviving the following members of his
family:

|  |  |  | *Date of Birth* |
|---|---|---|---|
| Michael Bogdoll | Father | | June 9, 1881 |
| Marcella Bogdoll | Mother | | Oct. 21st, 1882 |
| Edward Bogdoll | Brother | | March 15th, 1908 |
| Henry Bogdoll | Brother | | May 3d, 1909 |
| Bernard Bogdoll | Brother | | June 8th, 1911 |
| Marcella Bogdoll | Sister | | March 8th, 1916 |
| Eleanor Bogdoll | Sister | | March 3d, 1919 |

A review of the facts set forth above makes plain that, in
so far as Edward and Henry are concerned, no claim for
compensation can be entertained. The wages earned by these

two must, however, be considered in arriving at the cost of maintenance of those of the family who may be classified as partial dependents in this case.

The status of the father, mother, brother and sisters under sixteen is definitely established in the case of *Conners* v. *Public Service Electric Co.*, 97 *Atl. Rep.* 792, in which case the Supreme Court of New Jersey affirmed the judgment of the Court of Common Pleas, who held that the father, as well as the other members of the family, must be considered a dependent, even though he was earning $26.40 a week.

The soundness of this ruling is apparent when the wages of the father and other wage earners are all placed in a common fund, so that the father, as well as the other members of the family, feels the loss of the withdrawal of the contribution of the deceased.

In the present case the total income of the family was $102. This indicates $12.75 as the cost of maintenance of each of the eight members. Five of these must be classified as partial dependents whose support cost $63.75. This amount apportioned among the wage earners, according to their several wages, shows that the deceased contributed weekly toward the support of his father, mother, Bernard, Marcella and Eleanor, the sum of $25.62, which sum must be used as the basis of the calculations determining the weekly compensation rates.

### DETERMINATION.

I do find and determine, therefore, that Alexander Bogdoll was, on August 22d, 1925, in the employ of the respondent, J. P. White Company; that his wages were $41.25 per week; that on said date he met with an accident arising out of and in the course of his employment which resulted in his death on said date; that the employer had due knowledge of the injury, which was not intentionally self-inflicted nor due to intoxication; that he left surviving his father, mother, brother Bernard, sister Marcella and sister Eleanor, all of whom were partially depending upon him for support.

N. J. Dept. Labor—Bogdoll v. J. P. White Company.

### ORDER.

It is, therefore, on this 20th day of May, 1926, ordered that judgment final be entered in favor of the petitioner, and that the respondent pay, or cause to be paid, to the petitioner, compensation as follows:

| | | |
|---|---|---|
| $14.09 per week for ............ | 93-5/7 | weeks |
| $12.81 per week for next ensuing.. | 206-2/7 | weeks |
| $10.25 per week for next ensuing.. | 41-4/7 | weeks |
| $8.97 per week for next ensuing.. | 155-5/7 | weeks |
| Covering a total period of.... | 497-2/7 | weeks |

This compensation shall begin as of August 22d, 1925, the first weekly payment due August 29th, 1925. All the compensation which has become due since August 29th shall be paid in one sum.

The respondent shall also pay to the petitioner $150 on account of burial expenses, and also $300 as counsel fee to the petitioner's attorney.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*